IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT MULDOON | : | CIVIL ACTION |
| v. | : | |
| CITY OF PHILADELPHIA | : | NO. 22-1929 |

MEMORANDUM

Bartle, J.  April 5, 2023

Plaintiff Robert Muldoon brings an action against his employer the City of Philadelphia under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951. Plaintiff alleges that defendant discriminated against him due to his age and retaliated against him for filing a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). Under Rule 56 of the Federal Rules of Civil Procedure, the court may grant defendants motion for summary judgment only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

The following facts are taken in the light most favorable to the plaintiff as the nonmoving party. Plaintiff, a lieutenant and supervisor in the Philadelphia Police Department's Narcotics Field Unit ("NFU"), was scheduled to retire in 2023 as part of the Deferred Retirement Option Plan

("DROP").[1]  In July 2020, Christopher Flacco became the Chief Inspector of the Narcotics Bureau.  Plaintiff has shown that in his first two months in the position, Flacco repeatedly asked which employees were in the DROP program, made discriminatory comments about older members of the police force, and reorganized the East Squad of the NFU.  Plaintiff, who is over the age of 40, was not chosen to join the East Squad.  On October 14, 2020, he filed an EEOC age discrimination complaint.

Plaintiff has also provided evidence that over the next four months, his overtime requests were frequently denied while members of the East Squad were often given opportunities for overtime.  In September 2021, Flacco ridiculed plaintiff in front of members of the police department multiple times.  In response, on December 20, 2021, plaintiff sent an email complaining of harassment and revealing his EEOC charge to senior members of the police department.  Eleven days later, Captain Matthew Deacon, with Flacco's approval, moved plaintiff from the Northeast Squad to one comprised of older officers covering a smaller area of the city.

Defendant argues that plaintiff did not experience any adverse employment actions because his job responsibilities and

---

1.  The DROP program allows retirement-qualifying employees to declare their retirement date four years in advance and receive payments in an interest-bearing account over those four years.

pay would not differ between squads.  Furthermore, defendant maintains that any adverse actions taken by the city were due to plaintiff's poor work performance and a larger effort to reform the police department rather than age-based discrimination. Defendant denies any age-related comments.

The court, however, finds that there is sufficient evidence in the record for a jury to determine under the McDonnell Douglas framework that defendant's failure to consider plaintiff for the East Squad, repeated denials of plaintiff's overtime requests, and removal of plaintiff from the Northeast Squad to a less desirable squad constitute adverse employment actions.  Even if plaintiff's job responsibilities and pay would not have differed between squads, his transfer can be considered an adverse employment action if there is evidence, as there is here, that his new position is less desirable than his previous one.  See, e.g., Hampton v. Borough of Tinton Falls Police Dept., 98 F.3d 107, 115-116 (3d Cir. 1996); Torre v. Casio, Inc., 42 F.3d 825, 831 n.7 (3d Cir. 1994).  Likewise, a jury could determine that defendant's proffered explanations for the adverse employment actions are pretextual and that the real reasons are age-based discrimination and retaliation for plaintiff's EEOC complaint.  See, e.g., Fasold v. Just., 409 F.3d 178, 184 (3d Cir. 2005); Fogleman v. Mercy Hosp., Inc., 283 F.3d 561, 567 (3d Cir. 2002).

-4-

The court, of course, takes no position on the merits of this action. However, viewing the evidence in the light most favorable to the plaintiff, as the court must at this stage, there exist genuine disputes of material facts.  See Fed. R. Civ. P. 56(a).  Accordingly, the motion of defendant for summary judgment will be denied.